29536.   HANKIN v. DEATON.

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

Decided October 9, 1942.

■■■■■■■■■■■■■■■■■■■■■■

*Samuel L. Eplan,* for plaintiff in error.

*Marvin G. Russell, J. L. Smith,* contra.

BROYLES, C. J. On January 28, 1941, F. E. Deaton (hereinafter referred to as plaintiff) instituted bail-trover proceedings against Morris Hankin (hereinafter referred to as defendant) in the civil court of Fulton County to recover a described phonograph of the alleged value of $289.50, sixteen phonograph records of the alleged value of $4, and $25 hire for the property. The trial judge, acting without the intervention of a jury, rendered a judgment in favor of the plaintiff for $250 principal, $25 hire for the property, and costs of court. The defendant's motion for new trial was overruled and the appellate division of the court affirmed that judgment. To this last judgment the defendant excepted. The defendant's appeal contains the usual general grounds, and the more specific assignment that "it affirmatively appears from said evidence that the judgment rendered . . was in excess of the amount which plaintiff could recover under any interpretation of the law as based on the evidence as submitted in the trial of the case."

The evidence discloses without dispute that Rudolph Wurlitzer Company, of North Tonawanda, New York, was engaged in the manufacture of phonographs, and that the defendant was its agent and the distributor of its products in the State of Georgia, with headquarters in Atlanta; that in October, 1937, Wurlitzer Company sold the plaintiff a new phonograph (the one that is the subject-matter of this suit) for $287.50; that the plaintiff placed the machine in the roadhouse of Johnnie Heath at Carrollton, Georgia, under an agreement that plaintiff was to have one half of the proceeds therefrom for its use; and that on December 20, 1938, the defendant, without the consent of the plaintiff, repossessed the machine, together with the sixteen records thereon, and carried them to Atlanta and stored them in a warehouse. In February or March, 1940, the plaintiff sent his agent, Hugh Johnson, to Atlanta to get the phonograph for him. Johnson testified positively that he saw the defendant and demanded the machine and that the defendant refused to let him have it. The defendant testified that no such demand was made.

Counsel for the defendant contends in his brief that the defendant, as agent for Wurlitzer Company, had the legal right to

repossess the property in question in December, 1938, because the plaintiff "was in default on his title-retention contract with Wurlitzer Company," and that plaintiff's rights in the premises "did not exist against the plaintiff in error until demand was made in February, 1940, which was at a time that the music machine was almost two and one-half years old;" and that "the music machine was not worth in excess of $90 *at. the time that it was wrongfully taken from the defendant in error."* (Italics ours.)

While it is true the plaintiff testified that he purchased the phonograph under a "contract" and that some amount was due on it when it was repossessed, and a witness for the defendant referred to the contract as "a sales contract," no witness testified as to the contents of the contract, and no contract was introduced in evidence to show the defendant's right to repossess and hold the machine without the plaintiff's consent. The plaintiff testified that the machine was his; that its reasonable market value was $275 when it was taken from him; that the fair market value of the records was $4; and that the hire of the machine was worth $5 a month. In these circumstances we are of the opinion that the judge was warranted in concluding that the property was converted by the defendant when it was repossessed on December 20, 1938, and that the evidence supports the judgment of the trial judge. But even if the above conclusion be incorrect and "the rights of the defendant in error did not exist against the plaintiff in error until demand was made upon the plaintiff in error in February, 1940," we still think the judgment of the trial court was supported by the evidence. The plaintiff testified: "I bought this machine new in October, 1937, for $287.50." Johnnie Heath swore: "The machine had not run a whole week when they came down there and got it." Heath also testified: "I got half out of the machine from Mr. Deaton. What I earned from that machine before they came down there and got it was about $13 a week. I got half of that and Mr. Deaton got half." The plaintiff also testified: "If he [defendant] kept this machine in storage like he said, it ought to be worth as much on the first day of March when I sent my man up there to get it as it was, because it hadn't been run. It was worth $275." The plaintiff further testified: "When Mr. Hankin took this machine up it was in perfect condition; it was running every day. It was as

good as new. I haven't seen the machine since that time. I heard him state in court that he had it in his warehouse. I heard him say it had been there ever since he took it off. I said the hire of that machine was worth an average of $5 per week." While the defendant's evidence was in effect that phonographs, like automobiles, deteriorate greatly in value as they grow older, and that the value of the phonograph in question did not exceed $90 in February, 1940, and the plaintiff agreed that generally they did so deteriorate, the plaintiff testified in effect that his machine was practically a new machine when it was repossessed in December, 1938, and that it had not been used since that time and was as valuable when demand was made for it in 1940 as it was when repossessed in 1938. We hold that the evidence supported the judgment rendered by the trial judge of the civil court of Fulton County, and that the appellate division of that court did not err in affirming that judgment.

We are satisfied that the evidence in this case does not show that the appeal was made for delay only, and the request of counsel for the defendant in error that ten per cent. damages be awarded their client under the provisions of Code § 6-1801 is denied.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*